Affirmed and Memorandum Opinion filed November 23, 2005















Affirmed and Memorandum Opinion filed November 23, 2005.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00732-CR

_______________

 

THOMAS LEE THURMAN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

___________________________________________________

 

On Appeal from the County Criminal Court
at Law No. 10

Harris County, Texas

Trial Court Cause No. 1218604

___________________________________________________

 

M E M O R A N D U M  
O P I N I O N

 

Thomas
Lee Thurman appeals a conviction for misdemeanor assault[1]
on the grounds that the trial court erred by: (1) overruling his objection to
the State=s cross-examination of appellant
concerning extraneous offenses; and (2) considering personal knowledge of
misconduct by appellant not otherwise in evidence while assessing
punishment.  We affirm.








Appellant=s first issue contends that the trial
court erred by permitting the State to cross-examine him during the
guilt-innocence phase regarding unadjudicated extraneous offenses because his
character was not an essential element of the charged offense (which is
undisputed) and because he did not Aopen the door@ to proof of the extraneous conduct.

A
trial court=s ruling on the admissibility of
extraneous offenses is reviewed for abuse of discretion.  Prible v. State, ___ S.W.3d ___, 2005
WL 156555, *5 (Tex. Crim. App. 2005), cert. denied, __ U.S. __, 126 S.
Ct. 481 (2005).  When a party introduces
matters into evidence, he invites the other side to reply to that
evidence.  Wheeler v. State, 67
S.W.3d 879, 885 n.13 (Tex. Crim. App. 2002). 
Thus, when a witness presents a picture that the defendant is not the
type of person to commit the charged offense, the prosecution may impeach that
witness=s testimony by cross-examining the
witness concerning similar extraneous offenses committed by the defendant.  Id.
at 885.  Generally, a defendant who
testifies may be impeached as any other witness may be impeached.  Moreno
v. State, 22 S.W.3d 482, 485 (Tex. Crim. App. 1999).   

Ordinarily,
to be subject to rebuttal with extraneous offense evidence, such a defensive
theory must be elicited on direct examination by the defense, rather than by
prompting or maneuvering on cross-examination by the State.  Id.  However, during cross-examination in this
case, after denying he assaulted the complainant, appellant repeatedly
volunteered[2]
that he was not a violent person and would not hurt the complainant.  The State was therefore entitled to respond
to the impression that his comments presented by introducing similar extraneous
offenses.[3]  Because appellant=s first issue thus fails to
demonstrate that the trial court abused its discretion in admitting this
evidence, it is overruled.








Appellant=s second issue argues that the trial
court erred in sentencing him by considering its personal knowledge of an incident,
not otherwise in evidence, in which the appellant allegedly confronted a juror
after the jury had been dismissed.[4]  However, the record reflects that defense
counsel raised this issue only by asking the trial court to refrain from
considering it in assessing punishment, and the trial court responded that it
was basing its sentencing decision only on evidence in the record and appellant=s courtroom conduct and
credibility.  Appellant did not object to
the trial court=s sentence or file a motion for a new trial.  Thus, because appellant did not obtain an
adverse ruling on this complaint, he has not preserved it for our review.  See Tex.
R. App. P. 33.1.  In addition,
appellant cites no evidence supporting his allegation that, contrary to the
trial court=s statements in the record, the trial
court=s sentencing decision was influenced
by this matter.[5]  Accordingly, his second issue is overruled,
and the judgment of the trial court is affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed November 23, 2005.

Panel consists of
Justices Fowler, Edelman and Guzman.

Do Not Publish — Tex.
R. App. P. 47.2(b).

 

 











[1]           A jury
found appellant guilty, and the trial court assessed punishment of 180 days
confinement.





[2]           During
cross-examination, appellant volunteered the following non-responsive comments:
AAnd I=ve made mistakes in the world but, it was never a
mistake to try to hurt [the complainant] 
in any way@; AI=m not into violence@; AI=m not a violent person@
(repeated twice); and AI prefer not to turn to violence.  I don=t go out
shooting guns and hitting people in the head or whatever. . . .  I don=t take
an innocent person and just try to hurt them.@  After his initial statements that he was not
a violent person, the State was permitted, over objection, to question
appellant regarding two prior assault charges involving the same complainant.





[3]           See
e.g., Lopez v. State, 928 S.W.2d 528, 531 (Tex. Crim. App. 1996); Baxter
v. State, 645 S.W.2d 812, 816 (Tex. Crim. App. 1983).





[4]           According
to the trial court=s remarks in the record, the juror reported the
incident to the bailiff, who in turn reported the incident to the trial court. 





[5]           Moreover,
appellant stipulated to evidence of the following prior convictions: (1) a
felony theft from 1999; (2) a possession of marijuana from 1987; (3) two
driving with license suspended convictions from 1986 and 1987; and (4) a
deferred adjudication for a felony possession of a controlled substance, which
was completed in January 2004.  Because
appellant pled true to the enhancement, and the trial court found it true,  the punishment range for this offense ranged
from 90 days to one year.  See Tex. Penal Code Ann. ' 12.43(a) (Vernon 2003).  Considering appellant=s criminal history and the range of punishment for
this offense, the 180 day sentence imposed by the trial court fails to suggest
consideration of matters not in the record.